IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:98-CR-158-BO
No. 5:11-CV-98-BO

| | |
|---|---|
| BOBBY RAY WHITE,<br>    Petitioner, | )<br>)<br>) |
| v. | )      O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) |

This matter is before the Court on Petitioner Bobby Ray White's Motion to Vacate, Set Aside, or Correct under 28 U.S.C. § 2255 [DE-34]; the Respondent's Motion to Dismiss [DE-38]; and the Petitioner's Motion for Leave to Supplement Argument [DE-40]. For the following reasons, Respondent's Motion to Dismiss [DE-38] is GRANTED, Petitioner's Motion for Leave to Supplement Argument is DENIED [DE-40], and Petitioner's Motion to Vacate, Set Aside, or Correct under 28 U.S.C. § 2255 [DE-34] is DISMISSED WITH PREJUDICE.

I. BACKGROUND

On November 18, 1998, Petitioner pled guilty, pursuant to a written plea agreement [DE-3], to an information charging Petitioner with one count of conspiracy to distribute a controlled substance [DE-1]. On February 17, 1999, this Court sentenced Petitioner to, *inter alia*, 292 months of imprisonment [DE-5]. On March 4, 2011, Petitioner filed the instant Motion under 28 U.S.C. § 2255 [DE-34]. The Respondent filed a Motion to

Dismiss [DE-38] on April 7, 2011, and the Petitioner filed a Motion for Leave to Supplement Argument on April 18, 2011 [DE 40]. In this posture, the motions are ripe for adjudication.

## II. DISCUSSION

### A. Petitioner Has Waived The Claims Raised In His 2255 Motion

Petitioner's § 2255 Motion alleges that the Supreme Court's ruling in *Johnson v. United States*, 130 S.Ct. 1265 (2010) (construing the meaning of "violent felony" for purposes of 18 U.S.C. § 924(e)), applies retroactively and invalidates the Court's prior determination that Petitioner qualified as a career offender pursuant to U.S.S.G. § 4B1.1. [DE- 35 at 3]. Petitioner is not entitled to review of this claim, however, because he waived any such claim pursuant to his written plea agreement.

A criminal defendant may waive his right to attack his conviction and sentence on collateral review so long as the waiver is made knowingly and voluntarily. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). A defendant's statement that his plea is voluntary and knowing is generally considered conclusive on these issues. *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1996).

Here, at Petitioner's Rule 11 hearing, as at all Rule 11 hearings conducted before the undersigned, the Court found that a factual basis existed for the entry of Petitioner's plea and that the plea was made freely and voluntarily. Petitioner alleges no

2

facts that cast doubt on this finding.

Pursuant to Paragraph 2(c) of the plea agreement, Petitioner agreed:

> to waive all rights [to] contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[DE-3 at 1-2].

Petitioner's 2255 Motion does not qualify for any of the exceptions to this appeal/collateral relief waiver. As a result, the Court is barred from considering the Petition. His Petition is, therefore, subject to dismissal.

B.  Petitioner's Motion for Leave to Supplement Argument [DE-40]

In a filing entitled "Motion for Leave to Supplement Argument" [DE-40], and in support of his § 2255 Motion, Petitioner argues that he is "actually innocent" of being a career offender. In support of this argument, Petitioner cites the Fourth Circuit opinion in *United States v. Williams*, 396 Fed. Appx. 951 (4th Cir. 2010)(granting § 2255 relief after determining that petitioner was "actually innocent of being an armed career criminal" for purposes of 18 U.S.C. § 924(e)).

*Williams* does not allow Petitioner to avoid the waiver contained in his plea agreement. In *Williams*, the petitioner pled guilty to possession of a firearm, an offense that carried a statutory maximum penalty of ten years. Upon his designation as

3

an armed career offender, pursuant to 18 U.S.C. § 924(e), however, the statutory penalty for his offense increased to a 15-year minimum sentence. As a result, petitioner challenged his elevation above the statutorily-limited sentence.

Unlike in *Williams*, however, Petitioner pled guilty to an offense that carried a statutory maximum of life imprisonment. 21 U.S.C. § 841. As a result, Petitioner's claim that he is "actually innocent" of the crime to which he pled—a crime that carried a maximum sentence of life imprisonment-is meritless. *Williams* is distinguishable from this case, and unlike in *Williams*, the waiver in Petitioner's plea agreement applies and bars him from bringing a § 2255 Motion.

C.  Ineffective Assistance Of Counsel

In a final attempt to hurdle the appeal and collateral relief bar contained in his plea agreement, Petitioner alleges, in response to the Respondent's Motion to Dismiss, that his Plea Counsel provided constitutionally deficient representation [DE 42]. In the interests of justice, the Court has considered this untimely claim. The Court finds, however, that the claim is without merit.

Ineffective assistance claims are examined under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance claim, a petitioner must show that:

4

(1) his attorney's performance fell below an objective standard of reasonableness, and

(2) he suffered actual prejudice as a result.

Id.

Petitioner argues his plea counsel was constitutionally deficient for incorrectly advising Petitioner that he was a career offender. But, by Petitioner's own admission, the case that purportedly clarified the "career offender" definition, Johnson v. United States, was not decided until twelve years after Petitioner entered his plea. Thus, at the time of Petitioner's plea, no attorney had the benefit of the Johnson case's holding.[1] In essence, Petitioner claims that plea counsel was deficient for not advising Petitioner of a rule of law that had not yet been announced.

The Court finds Petitioner fails to satisfy either prong of Strickland because, an initial matter, Petitioner cannot show that his counsel's performance fell below an objective standard of reasonableness. Petitioner's ineffective assistance of counsel claim, to the extent he alleges one in his § 2255 Motion, is denied.

---

[1] The Court offers no opinion on the merits of Petitioner's argument that Johnson v. United States, 130 S.Ct. 1265 (2010) applies retroactively and invalidates the Court's prior determination that Petitioner qualified as a career offender pursuant to U.S.S.G. § 4B1.1, since the collateral relief waiver applies and renders such an analysis unnecessary.

5

D.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

### III. CONCLUSION

Based on the foregoing, Respondent's Motion to Dismiss [DE 38] is GRANTED, Petitioner's Motion for Leave to Supplement Argument [DE 40] is DENIED, and Petitioner's Motion to Vacate, Set Aside, or Correct under 28 U.S.C. § 2255 [DE-34] is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED, this __30__ day of __May__, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE